# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 25, 2022

Lyle W. Cayce
Clerk

No. 22-10060
Summary Calendar

---

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Armando Mendez Garcia,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-635-1

---

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:*

Juan Armando Mendez Garcia pleaded guilty to illegal reentry after removal, in violation of 8 U.S.C. § 1326(a), and was sentenced to, *inter alia*, 25 months' imprisonment. He contends his sentence is substantively unreasonable.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-10060

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence, such as Garcia's, is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751-53 (5th Cir. 2009). In that respect, for issues preserved in district court, as in this instance, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). As reflected above, Garcia does not claim procedural error.

To the extent Garcia asserts the court abused its discretion by failing to account for the time he spent in state custody before being prosecuted for illegal reentry, he fails to rebut the presumption of reasonableness that applies to his within-Sentencing Guidelines term of imprisonment. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009) (noting presumption of reasonableness applies "to a properly calculated, within-[G]uidelines sentence" and "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors"). Especially in the light of Garcia's criminal history and three prior removals, which the court stated it had reviewed, and its stated concern about Garcia's committing another felony if he reentered again, the court did not abuse its discretion in rejecting Garcia's assertion that he should have received credit for time spent in state custody. *See* Guideline § 2L1.2, cmt. n.7 (noting time-served-in-state-custody departure "should be considered only in cases where the departure is not likely to increase the risk to the public from further crimes of the defendant").

2

To the extent Garcia contends his sentence is substantively unreasonable based solely on the district court's failure to grant a downward departure, our court "lack[s] jurisdiction to review the denial . . . unless [it] resulted from a mistaken belief [it did not have] authority to depart" under the Guidelines. *United States v. Tuma*, 738 F.3d 681, 691 (5th Cir. 2013). That exception is not applicable here.

AFFIRMED.